## Joseph King, Appellee, v. DeCamp Coal Mining Company, Appellant.

MINES AND MINERS—*when wilful violation established as proximate cause.* If the wilful violation charged and proved be the failure to maintain currents of fresh air as required by statute, and if the evidence shows that the plaintiff suffered in a manner such as would naturally result from such wilful violation, such wilful violation as the proximate cause of the injury is sufficiently established even though it appears from the evidence that the illness of the plaintiff might have resulted from other causes, there being, however, no evidence of the existence of such other causes.

SHIRLEY, J., dissenting.

Action in case. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

WISE, KEEFE & WHEELER, for appellant.

D. H. MUDGE, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Madison county, in favor of appellee, for $800 recovered by him as damages on account of an illness alleged to have been occasioned by the wilful failure of appellant, his employer, to comply with that provision of the act in regard to Mines and Miners, requiring the maintenance of currents of fresh air throughout every coal mine, sufficient for the health and safety of all men and animals employed therein.

The charge of the declaration was that appellant wilfully failed to force into the working place of appellee, currents of fresh air by reason whereof great quantities of carbonic oxide, powder smoke, gas, coal dust, lamp smoke and dirt, and deleterious air accumulated at said working place and in consequence thereof appellee became ill, his system poisoned and his throat, lungs and head permanently affected and injured.

The proofs show that for some months prior to June 26, 1908, appellee was employed in mining and loading coal in appellant's mine; that at said time and prior thereto, by reason of a defect in a curtain at a cross cut, leading from the entry in which appellee was employed, some distance from his working place, the air forced into the entry, passed through said cross cut, forming a short circuit instead of passing through a cross cut located near appellee's working place, so that the men employed there could only work for from ten to fifteen minutes until they would have to seek fresh air to avoid suffocation; that their heads and lungs would become stopped up; that the air was so dusty, dirty and smoky, appellee and his companion could not see each other; that the conditions made appellee sick and he would have to go back to the cross cut to get good air; that the mine shut down temporarily on June 26 and on July 1 appellee was taken sick with bronchial pneumonia, was attended by a physician, confined to his bed for some time and not able to go to work until September following.

It was not contested that appellant failed to comply with the statute in regard to the maintenance of currents of fresh air at appellee's working place, nor that appellee was seriously ill with bronchial pneumonia, as claimed by him, but appellant insists that the proof fails to show the dangerous and unlawful conditions existing at his working place, caused the sickness of appellee. The physician who attended appellee testified that his illness could have been caused by the injurious conditions existing at his working place but that there were a number of other causes which could produce the same result. Appellant's contention is that appellee must prove that the dangerous condition existing in his working place was the proximate cause of his sickness, and that where the testimony leaves that matter uncertain and shows that any one of a number of things might have brought

about his illness, for some of which his employer would be responsible and for others of which he would not, it was not for the jury to speculate as to what was the real cause of the injury to his health.

Appellant's theory would no doubt be a proper one in a case where the facts fully supported its premises but it is not applicable in this case for the reason that while the proofs show that the conditions existing at appellee's working place in the mine could have produced his illness, yet there is a total absence of any proof whatever tending to show the existence of any of the other conditions named by the physician which could have produced the same result. Under these circumstances the jury naturally and properly concluded that the failure of appellant to comply with the statute was the proximate cause of the injury to appellee.

Appellant complains of instruction No. 5 given for appellee, which was as follows: "The court instructs the jury that they are, from the evidence and under the instructions of the court, the judges of all questions of fact in this case and the court does not intend by any instructions given, to tell the jury how they should find as to any question of fact in this case." Appellant insists this instruction is erroneous because its effect is to inform the jury they could determine the facts and evidence as they pleased, without the aid of the instructions and unrestrained by any rules of law the court might lay down. We are unable to appreciate the force of appellant's argument in this regard, for the reason that the instruction in controversy plainly told the jury that they were the judges of all questions of fact "from the evidence and under the instructions of the court," plainly indicating that in determining the questions of fact, they must do so in the light of the rules of law laid down by the court in the instructions.

Counsel for appellant, in support of their position,

refer to the case of West Chicago St. R. R. Co. v. Shannon, 106 Ill. App. 120. In that case two instructions which told the jury they were the sole judges of the questions of fact in the case to be determined solely from the evidence, were criticised by the court. Those two instructions, however, were not like the one under controversy here, for the reason that they failed to contain the provision included in appellee's instruction No. 5 in this case, requiring the jury to determine the questions of fact both "from the evidence" and "under the instructions of the court." The instruction here given for appellee was wholly free from the vice of the instructions given in the case above referred to and was in no respect erroneous.

The judgment of the court below will be affirmed.

*Affirmed.*

Mr. Justice Shirley dissents on the ground that the breach of duty complained of was not shown to be the proximate cause of appellee's illness.